WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monty Earl Garland,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Acting Commissioner of the Social Security Administration,<br><br>　　　　Defendant. | No. CV 13-119-TUC-CRP<br><br>**ORDER** |

Plaintiff has filed the instant action seeking review of the final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). The Magistrate Judge has jurisdiction over this matter pursuant to the parties' consent. *See* 28 U.S.C. § 636(c). Pending before the Court is Defendant's Motion to Remand (Doc. 21; *see also* Defendant's Memorandum in Support of Motion to Remand ("Memorandum") (Doc. 22)) which Plaintiff opposes (Doc. 27). For the following reasons, the Court denies Defendant's Motion in part to the extent that Defendant seeks remand for further proceedings and the Court grants Defendant's Motion in part to the extent that this matter is remanded for an immediate calculation and award of benefits.

**BACKGROUND**

On April 29, 2009, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging disability beginning on October 1, 2008 due to

meningitis, a stroke, dizziness, headaches, anxiety, high blood pressure, and aphasia. (AR. 61-67, 80, 447-53). Plaintiff's applications were denied initially and on reconsideration, after which he requested a hearing before an Administrative Law Judge ("ALJ"). (AR. 32-37, 39-42, 451, 455-62). Plaintiff, who was represented by counsel, and a vocational expert testified at the hearing before the ALJ. (AR 472-515). On June 13, 2011, the ALJ issued a decision finding that Plaintiff was not disabled. (AR. 18-31). The Appeals Council subsequently denied Plaintiff's request for review (AR. 7-14), thereby rendering the ALJ's June 13, 2011 decision the Commissioner's final decision for purposes of judicial review.

On the date of the ALJ's decision, Plaintiff was 42 years old. (AR. 61). He has a high school education and attended three years of college. (AR. 86). His past relevant work is as a border patrol agent, police inspector, "clean up supervisor", and security officer. (AR. 508).

The medical evidence reflects that in May 2008, Plaintiff was hospitalized for multiple small infarcts (ischemic strokes) of the brain. (AR. 256-364). He subsequently developed expressive aphasia. (*See* AR. 181). In September 2008, Plaintiff was admitted to the hospital for meningitis. (AR. 127; *see also* A.R. 131 (Plaintiff's strokes were attributed to vasculitis from meningitis)).

In July 2009, Michael D. Rabara, Psy.D., performed a consultative examination of Plaintiff. (AR. 379-85). Upon testing, Dr. Rabara found that: Plaintiff scored in the low average range of intelligence; verbal comprehension skills were in the low average range; verbal concept formation and reasoning were below average; ability to acquire, retain and retrieve general factual knowledge was below average; capacity to combine parts into wholes on a visual-spatial construction task was low average; capacity to analyze and synthesize abstract visual stimuli was below average; short term rote auditory memory was low average; and "processing speed is borderline and is relative weakness." (AR. 381-82). Dr. Rabara also stated that "these WAIS-IV scales are most sensitive to brain damage, and suggest [Plaintiff] has difficulty processing new raw information. His borderline general memory score further suggests he [sic] ability to acquire new information is impaired." (A.R. 383).

1  Dr. Rabara diagnosed Cognitive Disorder NOS. (*Id.*). Dr. Rabara further concluded that
2  Plaintiff: can remember simple instructions, but may have mild to moderate difficulty
3  remembering detailed instructions and work like procedures; can carry out simple
4  instructions and make simple decisions, but he may have moderate difficulty carrying out
5  detailed instructions, sustaining his concentration, performing tasks within a schedule,
6  working in coordination with others, responding appropriately to work setting changes,
7  responding appropriately to supervisory criticism, and completing a normal workday at a
8  consistent pace; may have mild to moderate difficulty sustaining a routine without special
9  supervision; and may have mild difficulty interacting with the general public and getting
10 along with coworkers. (AR. 385).

11 On July 29, 2009, Larry Waldman, Ph.D., a non-examining state agency psychologist,
12 concluded that Plaintiff was "moderately limited" in nine out of 20 areas of understanding
13 and memory, sustained concentration and persistence, social interaction, persistence and
14 pace, and adaptation. (AR. 387-89). Dr. Waldman also indicated that Plaintiff had mild
15 problems with memory for procedures and moderate problems with memory for complex
16 directions; moderate problems implementing complex instructions, sustaining his attention,
17 working at a normal pace and with reliability; mild problems in dealing with the public and
18 moderate problems receiving criticism from supervisors; and moderate problems dealing with
19 job changes. (AR. 389).

20 At the hearing, the VE testified that a hypothetical individual with the limitations
21 assigned by Dr. Rabara would not be able to perform any jobs. (AR. 512-13 ("someone who
22 had moderate difficulty in that many areas, particularly the areas of being able to complete
23 a normal workday without interruption....A person fitting that profile just is not going to be
24 able to sustain employment.")).

25 The ALJ found that Plaintiff had the following severe impairments: fatigue, nausea,
26 high blood pressure, post stroke, depression, anxiety, and panic attacks. (AR. 23). With
27 regard to Plaintiff's mental impairments, the ALJ gave "great weight" to Dr. Rabara's
28 opinion, citing "the objectivity of the exam, and the consistency of [Dr. Rabara's] opinions

1 with the overall objective medical evidence of record." (AR. 29). The ALJ also pointed out
2 that "Dr. Rabara's conclusions are generally consistent with the State agency-reviewing
3 psychologist, Larry Waldman, Ph.D., who also assessed the claimant capable of simple, basic
4 work." (*Id.*). The ALJ found that Plaintiff could perform less than the full range of light
5 work, with limitations on climbing, balancing, kneeling, crouching, crawling and handling.
6 (AR. 25). The ALJ also found that Plaintiff "can have occasional interaction with the public
7 and co-workers; with only occasional supervision; and is capable of simple, routine and
8 repetitive tasks." (*Id.*). Citing VE testimony that did not take into account the limitations
9 imposed by Dr. Rabara, the ALJ concluded that Plaintiff was unable to return to past work,
10 but he could perform other work such as a small product assembler and packing line worker.
11 (AR. 29-31). Accordingly, the ALJ found that Plaintiff was not disabled. (AR. 31).

**STANDARD**

The Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g); *see also Garrison v. Colvin,* __ F.3d. __, 2014 WL 3397218, *19 (9th Cir. July 14, 2014).

**DISCUSSION**

Defendant concedes that absent from the ALJ's decision is any discussion of the VE testimony that a person falling within the limitations assessed by Dr. Rabara would not be able to sustain employment. (Memorandum (Doc. 22), p. 4). Although Defendant agrees that the ALJ's error resulted in a decision that "is not supported by substantial evidence or free of legal error, she disagrees that the appropriate remedy is reversal for payment of benefits." (*Id.* at pp. 5-6). According to Defendant, "[t]he Court should not 'credit-as-true' any of the evidence, but should instead remand for further proceedings." (*Id.* at p. 6). Defendant contends that the credit-as-true rule is inconsistent with the Social Security Act. Further according to Defendant, "[j]ust because an ALJ has failed to articulate legally sufficient reasons for his rejecting certain medical opinions does not mean that no such reasons exist or that substantial evidence does not exist in the administrative record to

1  support the denial." (*Id.* at pp. 6-7). However, as Plaintiff points out, Defendant does not
2  assert that Dr. Rabara's assessment is in any way insufficient. (Response, p. 6). Moreover,
3  the ALJ herself accorded "great weight" to Dr. Rabara's opinion specifically finding that his
4  opinion was consistent with the overall objective medical evidence of record. (AR. 29).

5    To reject the opinion of an examining doctor, when contradicted by another doctor,
6  the ALJ must state specific and legitimate reasons that are supported by substantial evidence
7  in the record. *Lester v. Chater,* 81 F.3d. 821, 830-831 (9th Cir. 1996) (this standard also
8  applies when the ALJ rejects opinions from the examining physician in favor of the
9  nonexamining physician). Moreover, "'[t]he opinion of a nonexamining physician [like Dr.
10 Waldman] cannot by itself constitute substantial evidence that justifies the rejection of the
11 opinion of either an examining *or* a treating physician.'" *Ryan v. Commissioner of Social
12 Security,* 528 F.3d 1194, 1202 (9th Cir. 2008) (quoting *Lester,* 81 F.3d at 831) (emphasis in
13 original). The ALJ set forth no reasons to reject Dr. Rabara's opinion. Instead, she gave Dr.
14 Rabara's opinion great weight and specifically found that his opinion was based upon an
15 objective examination and was consistent "with the overall objective medial evidence of
16 record." (AR. 29). It is well-settled that "[w]here the Commissioner fails to provide
17 adequate reasons for rejecting the opinion of a treating or examining physician, we credit that
18 opinion as a matter of law." *Lester,* 81 F.3d at 834 (citation omitted); *Hammock v. Bowen,*
19 879 F.2d 498 (9th Cir. 1989) (applying credit-as-true rule to medical opinion evidence). *See
20 also Garrison,* __ F.3d. __, 2014 WL 3397281, *19-*22 (9th Cir. July 14, 2014) (reaffirming
21 the credit-as-true rule).

22   Further, although Defendant argues that the credit-as-true rule is not authorized under
23 the Social Security Act, the Ninth Circuit recently acknowledged out that "[t]he Social
24 Security Act...makes clear that courts are empowered to affirm, modify, or reverse a decision
25 with *or without* remanding the cause for a rehearing.' 42 U.S.C. §405(g)....Accordingly,
26 every Court of appeals has recognized that in appropriate circumstances courts are free to
27 reverse and remand a determination by the Commissioner with instructions to calculate and
28 award benefits." *Garrison,* __ F.3d. __, 2014 WL 3397281, at *19 (emphasis in original)

1 (citations omitted) (providing history and rationale supporting remand for award of benefits where evidence is credited as true).

"Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart,* 379 F.3d 587, 593, (9th Cir. 2004) (*citing Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir. 2000)). Conversely, remand for an award of benefits is appropriate where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison,* __ F.3d __, 2014 WL 3397218 at *20 (footnote and citations omitted); *see also Benecke,* 379 F.3d at 593 (citations omitted). The *Garrison* court also noted that the third factor "naturally incorporates what we have sometimes described as a distinct requirement of the credit-as-true rule, namely that there are no outstanding issues that must be resolved before a determination of disability can be made." *Id.* at *20 n. 26 (citing *Smolen v. Chater,* 80 F.3d 1273, 1292 (1996)). Thus, where the test is met, the Ninth Circuit "take[s] the relevant testimony to be established as true and remand[s] for an award of benefits[,]" *Benecke,* 379 F.3d at 593 (citations omitted), unless "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled with the meaning of the Social Security Act."[1]  *Garrison,* __ F.3d. __, 2014 WL 3397281 at *21 (citations omitted).

---

[1] Defendant argues that the Ninth Circuit's decision in *Connett v. Barnhart,* 340 F.3d 871 (9th Cir. 2003) supports the conclusion that remand for benefits is not always appropriate because that court remanded for further proceedings even though it determined that the ALJ's reasons for rejecting the claimant's subjective evidence were legally insufficient. (Memorandum, p. 7). *Connett* held that remand for further proceedings was appropriate because "there are insufficient findings as to whether [the plaintiff's] testimony should be credited as true...." *Connett,* 340 F.3d at 874. The Ninth Circuit has since reconciled *Connett* with cases "stat[ing] or impl[ying] that it would be an abuse of discretion for a district court not to remand for an award of benefits when all of...[the] conditions [of the three-factor test] are met[]" by explaining that "*Connett* allows flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled....." *Garrison,* __ F.3d. __, 2014 WL 3397218 at *21.

- 6 -

1    Here, remand for an immediate award of benefits is appropriate. The record has been
2 fully developed and remand for further administrative proceedings would serve no useful
3 purpose.  The ALJ has accorded Dr. Rabara's opinion great weight and found his opinion
4 was consistent with the overall objective medical evidence of record. (AR. 29). Moreover,
5 the ALJ did not set forth any reason to discount the VE's testimony that a hypothetical
6 person in Plaintiff's position who was subject to the limitations imposed by Dr. Rabara
7 would be precluded from working. *See e.g. Garrison,* __ F.3d __, 2014 WL 3397218 at *22
8 n. 28 (where the VE answered that a person with the plaintiff's residual functional capacity
9 ("RFC") would be unable to work, "we can conclude that [the plaintiff] is disabled without
10 remanding for further proceedings to determine anew her RFC.").  Whether this Court
11 credits Dr. Rabara's opinion as true, or merely gives Dr. Rabara's opinion the "great weight"
12 that the ALJ herself accorded it, the result is the same–that Plaintiff is disabled under the Act.
13    Nor, considering the record as a whole, is there reason for serious doubt as to whether
14 Plaintiff is disabled. Defendant argues that none of Plaintiff's treating physicians assessed
15 limitations or stated he was disabled. However, Defendant does not point to opinions or
16 other assessments by treating physicians which would contradict Dr. Rabara's findings.
17 Moreover, the ALJ considered the fact that there were no opinions from treating physicians
18 of record suggesting that Plaintiff was precluded from all work, nor were any work
19 restrictions imposed. (AR. 28-29). Nonetheless, the ALJ recognized Dr. Rabara's findings
20 (AR. 28), and gave them great weight "[g]iven the objectivity of the exam, and the
21 consistency of these opinions with the overall objective medical evidence of record...." (AR.
22 29).  Further, Defendant cites no reason why the ALJ would discount Dr. Rabara's
23 assessment or the limitations he imposed. This is not a case where the ALJ failed to state
24 reasons for rejecting a doctor's opinion. Instead, the ALJ found Dr. Rabara's opinion was
25 consistent with the record. Defendant's attempt to unravel the ALJ's opinion is thwarted by
26 the ALJ's specific findings on the instant record according great weight to Dr. Rabara's
27 opinion.
28

1   Defendant also argues that although Plaintiff claimed to be debilitated by difficulty
2   concentrating and completing tasks, he was able to do housework and yard work, shop, look
3   for a job, attend to personal hygiene and grooming, dress, prepare his meals, run errands, and
4   care for his pet dog. (Memorandum, p. 7). However, the Ninth Circuit has "repeatedly
5   asserted that the mere fact that a plaintiff has carried on certain daily activities such as
6   grocery shopping, driving a car, or limited walking for exercise, does not in any way detract
7   from her credibility as to her overall disability. One does not need to be 'utterly
8   incapacitated' in order to be disabled." *Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir.
9   2001) (quoting *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)); *see also Vick v.*
10  *Commissioner of Soc. Sec.,* 57 F.Supp.2d 1077, 1086 (D. Or. 1999) ("If claimant's activity
11  is in harmony with her disability, the activity does not necessarily indicate an ability to
12  work.") "Engaging in activities, including household chores, is not necessarily inconsistent
13  with a finding of disability." *Vick,* 57 F.Supp.2d at 1085. Plaintiff persuasively cites the
14  Honorable Richard Posner on this point:

> The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons..., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.

(Response, p. 12 (quoting *Bjornson v. Astrue,* 671 F.3d 640, 647 (7th Cir. 2011)). This observation is consistent with *Vertigan.* Moreover, in the instant case, Plaintiff's ability to engage in the activities identified by Defendant do not negate Plaintiff's claims of inability to concentrate or other limitations found by Dr. Rabara.

**CONCLUSION**

The record is fully developed: the VE testified that a person with the limitations assessed by Dr. Rabara would not be able to sustain employment; the ALJ accorded Dr. Rabara's opinion great weight and did not discount his assessed limitations or the VE's testimony regarding the impact of such limitations; and Defendant concedes that the ALJ's error resulted in an erroneous decision. Nor is there serious doubt about whether Plaintiff

- 8 -

is disabled given the VE's testimony that a person with the limitations assessed by Dr. Rabara would be precluded from working and given that the record as a whole does not suggest otherwise. Accordingly,

IT IS ORDERED that Defendant's Motion to Remand (Doc. 21) is DENIED IN PART and GRANTED IN PART. The Motion is DENIED to the extent that Defendant requests remand for further administrative proceedings. The Motion is GRANTED to the extent that this action is REMANDED to the Commissioner for calculation and award of benefits.

The Clerk of Court is DIRECTED to enter Judgment accordingly and to close its file in this matter.

DATED this 11th day of August, 2014.

*Charles R. Pyle*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE